959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL REHABILITATION HOSPITAL
v.
Manuel and Maria FERNANDES, Appellants,
v.
HOLY CROSS HOSPITAL OF SILVER SPRING, INC., et al., Appellees.
 Nos. 91-7007, 91-7090 and 91-7069.
 United States Court of Appeals, District of Columbia Circuit.
 April 17, 1992.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered upon the briefs and record material supplied by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 The district court dismissed the Fernandes' third-party, medical malpractice claim because of their failure to comply with a Maryland requirement that malpractice claims exceeding a certain jurisdictional amount be submitted to arbitration prior to proceeding in court. See Md.Cts. & Jud.Proc.Code Ann. §§ 3-2A-01 et seq. After dismissing the third-party claim, the court entered summary judgment against Mrs. Fernandes in the underlying action on the ground that she had not opposed it. (Summary judgment was not entered against Mr. Fernandes because he had filed for bankruptcy.) The Fernandes challenge these decisions, claiming that (1) Maryland law was not applicable, (2) the district court should have stayed rather than dismissed their third-party claim, and (3) given the foregoing arguments, summary judgment was improper.
 
 
 3
 We conclude that the district court's dismissal and grant of summary judgment were not improper. District of Columbia choice of law principles clearly indicate that Maryland law should govern the third-party dispute between Maryland citizens for alleged injury that occurred in Maryland. See Bledsoe v. Crowley, 849 F.2d 639 (D.C.Cir.1988). Since the plaintiff in the underlying action deserves summary judgment, and since the viability of the Fernandes' claim does not depend on the D.C. district court's retaining jurisdiction, the plaintiff should not have to wait out a stay while the Fernandes pursue their claim against the third-party defendant in Maryland. Compare Rule 54(b). Mrs. Fernandes did not oppose the motion for summary judgment and she presents this court with no reason to revisit that decision. It is therefore
 
 
 4
 ORDERED and ADJUDGED that the judgment of the district court be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).